**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NYOAKY WILLIAMS,<br>on behalf of plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SALANDER ENTERPRISES, LLC,<br>KOHN LAW FIRM, S.C.,<br>and NICHOLAS A. SMITH, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.      Plaintiff Nyoaky Williams brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Salander Enterprises, LLC, Kohn Law Firm, S.C., and Nicholas A. Smith.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and state law.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

7.     Specifically, plaintiff alleges that defendants systematically engaged in collecting time-barred debts through unlawful means.

## VENUE AND JURISDICTION

8.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9.     Venue and personal jurisdiction in this District are proper because:

   a.     Defendants' collection communications and activities impacted plaintiff within this District;

   b.     Each defendant does or transacts business within this District.

## PARTIES

10.     Plaintiff is an individual who resides in the Northern District of Illinois.

11.     Defendant Salander Enterprises, LLC is a limited liability company organized under Wisconsin law with offices at 225 S. Executive Drive, Brookfield, WI 53005.

12.     Defendant Salander Enterprises, LLC has two managing members, Marc J. Dobberstein and J. Adam Dobberstein. They are Wisconsin attorneys who also operate a number of other debt buyers and collection agencies, including Collection Associates, Ltd., BCG Equities, LLC, Alco Capital, LLC and Dobberstein Law Firm. All of these entities are located at 225 S. Executive Drive, Brookfield, WI 53005. On information and belief, each different debt buying entity represents a different set of investors.

13.     Defendant Salander Enterprises, LLC does business in Illinois. Its registered

agent and office is Blitt & Gaines, 661 Glenn Ave., Wheeling, Illinois 60090.

14. Defendant Salander Enterprises, LLC is engaged in the business of purchasing or claiming to purchase charged-off consumer debts, including contracts for the sale and lease of goods, and enforcing the debts against the consumers. On information and belief, that is its sole business.

15. Defendant Salander Enterprises, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

16. Defendant Salander Enterprises, LLC regularly uses the mails and telephones to collect debts.

17. Defendant Salander Enterprises, LLC is the plaintiff in numerous lawsuits seeking to collect consumer debts, including over 40 in Illinois (Appendix A).

18. Salander Enterprises, LLC, holds a collection agency license from the state of Illinois (Appendix B).

19. Salander Enterprises, LLC is a "debt collector" as defined in the FDCPA.

20. Defendant Kohn Law Firm, S.C., is a law firm organized as a Wisconsin corporation with principal offices at 735 N. Water Street, Suite 1300, Milwaukee, WI 53202. Its registered agent is Robert E. Potzebowski, Jr. at that address.

21. Defendant Kohn Law Firm, S.C. describes its business as follows on its web site (https://www.kohnlaw.com/AboutUs.aspx): "Founded in 1960 by Robert W. Kohn, the Kohn Law Firm S.C. is an award-winning and nationally recognized debt collection law firm that concentrates its practice primarily on credit card, municipal, medical and various other types of consumer debt, as well as repossession actions and insurance subrogation claims. The firm covers the entire state of Wisconsin for its clients, which consist primarily of large national credit issuers and debt buyers, but also include local municipalities and other retail businesses and service providers." It states that it has "12 attorneys and a total of approximately 125 employees, organized into individual departments headed by managers with skills and

3

experience well suited to the roles of their particular departments."

22.     Defendant Kohn Law Firm, S.C.'s practice consists primarily of the collection of debts owed to others and incurred for personal, family or household purposes.

23.     Defendant Kohn Law Firm, S.C. uses the mails and telephone system in conducting business.

24.     Kohn Law Firm, S.C., is a "debt collector" as defined in the FDCPA.

25.     Kohn Law Firm, S.C., files hundreds of collection lawsuits against consumers each year, including in Illinois, and sends thousands of collection letters each year.

26.     Kohn Law Firm, S.C., regularly represents Salander and other debt buyers in lawsuits against Illinois consumers. The other debt buyers it represents include BCG Equities, LLC and Alco Capital Group, LLC. (Appendix C) Alco Capital Group, LLC and BCG Equities, LLC are sister companies to Salander Enterprises, LLC, operating from the same address as Salander and having the same two managing members as Salander. (Appendix D)

27.     Defendant Nicholas A. Smith is an Illinois attorney. He is the attorney at Kohn Law Firm, S.C., responsible for its Illinois collection lawsuits. He signed the complaint and other documents relating to the lawsuit against Ms. Williams.

## FACTS

28.     On or about January 17, 2017, Salander Enterprises, LLC, represented by Kohn Law Firm, S.C., filed suit against plaintiff Nyoaky Williams in the Circuit Court of Cook County to collect a purported auto retail installment contract debt incurred for personal, family or household purposes, case number 2017-M1-101297. A copy of the complaint, which was signed by Smith, is in Appendix E.

29.     Nyoaky Williams was required to go the courthouse and spend time and money to defend the lawsuit.

30.     On or about March 14, 2017, a representative of Kohn Law Firm, S.C., using the name "Steve" called plaintiff by telephone and discussed settling the case.

4

31.     The debt went into default well over 4 years prior to the filing of suit, deducting all periods not counted against the statute.

32.     The statute of limitations applicable to the collection of installment contract and lease debts for the sale of goods (such as a vehicle) is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code.

33.     Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

34.     Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ." The Illinois citation is 810 ILCS 5/2A-506.

35.     Most states have enacted the standard Uniform Commercial Code statute of limitations and have held that it applies to an action to recover the money owed under a contract for the sale of goods. *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); *Jack Heskett Lincoln-Mercury v. Metcalf*, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 93 Haw. (App.) 174, 998 P.2d 55, 67 (2000); *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law); *Barnes v. Community Trust Bank,* 121 S.W.3d 520 (Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 345 Md. 251, 691 A.2d 1320 (1997); *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo.App. 2006); *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (1983); *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966); *Ford Motor Credit Co. v. Arce*, 348 N.J.Super 198 (App. Div. 2002); *First National Bank v. Chase*, 118 N.M. 783, 887 P.2d 1250 (1994); *Matter of Village of Scarsdale v New York City Water Bd.*, 33 A.D.3d 1011, 824 N.Y.S.2d 325 (2nd Dept. 2006); *Wuhu Import & Export Corp.*

*v. Capstone Capital, LLC*, 39 A.D.3d 314; 834 N.Y.S.2d 129 (1st Dept. 2007); *Herba v. Chichester*, 301 A.D.2d 822, 823, 754 N.Y.S.2d 695 (3rd Dept. 2003); *Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511; 747 N.Y.S.2d 146 (Sup.Ct. Rensselaer Co. 2002); *Bluefin Wear, Inc. v Tuesday's Child Boutique, Inc.,* 13766/10, 33 Misc. 3d 1233A; 2011 N.Y. Misc. LEXIS 5817; 2011 NY Slip Op 52231U (Sup.Ct. Kings Co. Dec. 14, 2011); *May Co. v. Trusnik*, 54 Ohio App.2d 71, 375 N.E.2d 72 (Ohio App. 1977); *Gimbel Bros., Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC Rep. Serv. 803 (C.P 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139 (C.P. 2000)*; Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3rd 506 (C.P. 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233 (C.P. 2005); *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (1972); *DaimlerChrysler Servs. N. Am., LLC v. Quimette*, 175 Vt. 316, 830 A.2d 38 (2003)

36.     Hereinafter, the District of Columbia and the 40 states other than Louisiana, Colorado, Iowa, Michigan, Mississippi, Nevada, North Carolina, Oklahoma, Oregon, South Carolina, and Wisconsin are referred to as the "applicable jurisdictions."

37.     "[T]he assignee *** takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783, 731 N.E.2d 915 (5th Dist. 2000). "[T]he assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617, 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-69 (1895).

38.     Defendants Salander Enterprises, LLC and Kohn Law Firm, S.C., regularly demand payment of, file suit on, and threaten to file suit on retail installment contract and lease debts in the applicable jurisdictions that are more than four years old at the time of the demand, filing or threat.

39.     It is the policy and practice of defendants to:

        a.     Collect time-barred debts.

6

      b.     File suit on such debts.

      c.     Offer to settle such debts.

      d.     Not disclose the fact that they are time-barred.

40.     Salander has been sued for collecting time-barred debts on two prior occasions (Appendices F-G). It has continued engaging in the practice.

41.     It is the policy and practice of defendants, when seeking to collect time-barred debts, to not disclose the dates of the transactions giving rise to the debts.

42.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D. Fla.).

43.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

44.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of*

7

*the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases. The report supports plaintiff's position that defendants violated the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

45.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

46.     Courts also hold that it is misleading and a violation of the FDCPA to:

      a.     File suit on a time-barred debt. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013).

      b.     Offer to settle a time-barred debt without disclosure of its unenforceable nature. *Pantoja v. Portfolio Recovery Associates, LLC,* No. 15-1567, 2017 WL 1160902 (7th Cir. March 29, 2017); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014); *Daugherty v. Convergent Outsourcing, Inc.,* 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 397 (6th Cir. 2015).

47.     Defendants engaged in misleading conduct, in violation of the FDCPA, by:

      a.     Filing suit on a time-barred debt;

      b.     Intentionally omitting from their complaint the dates that would reveal that the action is time barred, such as the date of default.

      c.     Offering to settle a time-barred debt.

## COUNT I – FDCPA

48.     Plaintiff incorporates paragraphs 1-47.

49.     This claim is against all defendants.

50.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), by dunning and suing consumers on time-barred debts and attempting to settle such debts without disclosure of that fact.

51.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53.     The Salander class consists of (a) all individuals with addresses in one of the applicable jurisdictions (b) with respect to whom defendant Salander Enterprises, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect debts for the sale or lease of goods (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

54.     The Kohn Law Firm, S.C. class consists of (a) all individuals with addresses in

9

one of the applicable jurisdictions (b) with respect to whom defendants Kohn Law Firm, S.C. or Smith filed a lawsuit or sent or caused to be sent a letter (c) to collect debts for the sale or lease of goods (d) more than four years after the later of default, repossession or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

55.     On information and belief, based on the fact that debts are usually dealt with in groups of similar vintage and type, each class is so numerous that joinder of all members is not practicable.

56.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect time-barred debts and whether such practice violates the FDCPA.

57.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

58.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

59.     A class action is superior for the fair and efficient adjudication of this matter, in that:

       a.     Individual actions are not economically feasible.

       b.     Members of the class are likely to be unaware of their rights;

       c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

       i.     Statutory damages;

       ii.     Actual damages, including all amounts collected on time-barred

debts and all appearance and attorney's fees incurred by persons sued on time-barred debts;

iii.     Attorney's fees, litigation expenses and costs of suit;

iv.     Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

60.     Plaintiff incorporates paragraphs 1-51.

61.     This claim is against Salander Enterprises, LLC.

62.     Defendant Salander Enterprises, LLC engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by (a) dunning and threatening and filing suits on time-barred debts and (b) violating the FDCPA.

63.     Defendant Salander Enterprises, LLC  engaged in such conduct in the course of trade and commerce.

64.     Defendant Salander Enterprises, LLC engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

### CLASS ALLEGATIONS

65.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

66.     The class consists of (a) all individuals with Illinois addresses (b) with respect to whom defendant Salander Enterprises, LLC filed a lawsuit or sent or caused to be sent a letter (directly or by an agent or attorney) (c) to collect debts for the sale or lease of goods  (d) more than four years after the later of default, repossession  or chargeoff, (e) which letter was sent or lawsuit was pending at any time during a period beginning 3 years prior to the filing of this action and ending 20 days after the filing of this action.

67.     On information and belief, based on the fact that debts are usually dealt with in groups of similar vintage and type, the class is so numerous that joinder of all members is not practicable.

11

68.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant attempts to collect time-barred debts.

69.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

70.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

71.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant:

      i.     Declaring that the purported debts are time-barred;

      ii.     Enjoining defendant from instituting or threatening suit to collect such debts;

      iii.     Enjoining defendant from attempting to collect such debts without disclosure of the fact that they are time-barred.

      iv.     For actual damages;

      v.     For punitive damages;

      vi.     For attorney's fees, litigation expenses and costs of suit;

      vii.     For such other and further relief as the Court deems proper.

        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\33911\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
T:\33911\Pleading\Complaint_Pleading.wpd

14